## NEVIN v. THOMPSON et al.

### No. 19,318; December 28, 1893.

#### 35 Pac. 160.

**Bond to Secure Note—Action to Enforce—Pleading.**—A complaint averred that defendant T. gave to plaintiff a note for $700; that, six months afterward, defendants D., as principal, and S. and C., as sureties, gave T. a $3,000 bond, which was set out, conditioned that whereas T. and T. J. C. (who was not made a party) "are now indebted to parties hereinafter named in the sums set opposite each name, and that the purpose of this obligation is to relieve the said T. from any and all liability on said indebtedness, as follows, and we hereby agree to assume and pay the same, to wit, two promissory notes of $700 each, and the interest thereon: . . . . Now, if the said T. J. C., or any of the parties save and except the said T.," shall pay such sums, the bond shall be void, etc.; that T. was then indebted to plaintiff on two notes, one of which is the one sued on; and that the only indebtedness from T. to plaintiff was that evidenced by such notes. Held, that such complaint was not subject to a general demurrer, because the bond was to relieve T. from liability on a joint indebtedness of T. and T. J. C., while the debt sued on was T.'s only.

**Bond to Secure Note—Action to Enforce—Parties.**—Nor was such complaint demurrable because T. J. C. was not a party, as he was not a necessary party.

**Bond to Secure Note—Action to Enforce.**—Such Complaint was not defective for uncertainty as to whether the suit was on the note or on the bond.

APPEAL from Superior Court, San Diego County; W. L. Pierce, Judge.

Action by Nathan Nevin against Frank C. Thompson, T. J. Daley, A. R. Schulenberg and H. T. Christian on a promissory note executed by Thompson, and on a bond whereby the other defendants assumed and agreed to pay such note; and also to reform such bond. From a judgment for plaintiff, defendants appeal. Affirmed.

J. L. Copeland and Gibson & Titus for appellants; J. Z. Tucker for respondent.

TEMPLE, C.—This appeal is upon the judgment-roll. The complaint shows that defendant Thompson, in June, 1890, executed and delivered to plaintiff a promissory note for the sum

of $700, which note plaintiff still owns and holds, and which has not been paid; that, on the eleventh day of December following, the defendants Daley, Schulenberg and Christian executed and delivered to defendant Thompson an instrument in writing, which is set out in the complaint. This instrument, it was averred, as written, did not truly express the intention of the parties to it, and the plaintiff asked to have it reformed. This was done, and no point is made here as to that procedure. As it is alleged the parties meant to have it read, and as it is made to read by the judgment and decree of the court, it is a penal bond executed by Daley as principal, and Schulenberg and Christian as sureties, who are held and firmly bound to Thompson in the sum of $3,000, jointly and severally; and is conditioned "that whereas the said Frank C. Thompson and one Thomas J. Cambron are now indebted to the parties hereinafter named in the sums set opposite each name, and that the purpose of this obligation is to relieve the said Frank C. Thompson from any and all liability on said indebtedness, as follows, and we hereby agree to assume and pay the same, to wit, two promissory notes of $700 each, and the interest thereon: . . . . Now, then, if the said Cambron, or any of the parties save and except the said Thompson, shall well and truly pay the said amounts, then this obligation is to be null and void, and otherwise to remain in full force and effect." It is alleged that Thompson was then indebted to plaintiff upon two notes, one of which is the note set out in the complaint, and that the only indebtedness from Thompson to plaintiff was that evidenced by the two notes. It is then averred that these notes are wrongly described in the bond, and the court is asked to reform the instrument so as to correctly describe them.

The complaint was demurred to generally for insufficiency of the statement of facts; for uncertainty as to whether the suit is on the note or bond; for nonjoinder of Cambron as a party defendant; and for misjoinder, in that Christian is not a proper party defendant. The point is made that the bond is to relieve Thompson from liability upon a joint indebtedness of Thompson and one Cambron, while the indebtedness upon which suit is brought is an indebtedness of Thompson alone. Therefore, as Daley, Schulenberg and Christian have only undertaken to pay a joint indebtedness of Thompson and Cambron, it does not appear that they have undertaken to

pay the debt averred. This point is certainly very plausible, but I think must be overruled. The complaint is undoubtedly very defective, but the objection is raised only on general demurrer. That does not reach a case where the facts are insufficiently stated, if it can be seen that the facts inartificially stated would, if properly stated, have been sufficient. The complaint does substantially aver that the indebtedness sued upon is the same as that described in the bond, and, the bond being a part of the complaint, a correct description is there found, and, as against a general demurrer, this allegation, which amounts to a statement that the debt described and sued upon is the debt assumed by the appellant, is enough. Nor is the other description of the indebtedness, as an indebtedness of Thompson upon a promissory note, which appears to have been signed by Thompson alone, absolutely inconsistent with the statement in the bond that the indebtedness is that of Thompson and Cambron. Both may be true. The indebtedness may have been a joint one, although secured by the note of Thompson alone. As to this general demurrer, if this could be so, we must assume it. The findings do, in fact, show that the note was signed by Thompson and indorsed by Cambron, and it is said that they were given for a horse purchased from plaintiff by Thompson and Cambron. This is, of course, only stated in lieu of a supposable case showing that the statements may both be true.

Although Cambron was also liable for the debt, it was not necessary to make him a defendant in this case, and the defendants are not injured by the fact that his liability is not more particularly averred.

There is no uncertainty as to whether the appellants are sued on the bond. They cannot doubt that it is sought to hold them liable upon it, and it is equally plain that they are not sued upon the note. As to them, at least, the averments as to the note are mere matters of inducement showing the consideration of their promise. No other points are raised here, and, if other objections might be suggested, they are not decided. The judgment should be affirmed.

We concur: Searls, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.